ANDREW P. HAVEY, Insurance Commissioner,

*vs.*

HANCOCK MUTUAL FIRE INSURANCE COMPANY.

Hancock.   Opinion June 20, 1913.

*Assessment.   Decree.   Examination.   Insurance.   Jurisdiction.   Receiver.*
*Revised Statutes, Chapter 49, Sections 36, 37, 38, 39-40.*
*Term   Time.   Vacation.   Petition.*

1.  Under the provisions of the statutes and the general rules governing chancery practice, an order, upon the petition of a receiver of an insolvent insurance company asking for authority to levy an assessment upon the premium notes of the company, may be made returnable upon a day in vacation.
2.  The provisions of Revised Statutes, Chapter 49, apply to cases arising where the insurance company is a going concern, but not to the case at bar.
3.  The general rules of chancery practice authorize the petition in the case at bar to be made returnable on a day in vacation.

On report.   Exceptions overruled.   Motion denied.   Petition to be heard and determined.

This was a petition by the receiver of the defendant company asking court examination of the liabilities and assets of said company and a decree of court authorizing an assessment upon the premium notes of said company, if such assessment was found to be necessary.   Upon this petition a hearing was ordered to be held at the court house in Ellsworth, in the county of Hancock, on the 27th day of March, 1913, at ten o'clock in the forenoon.   Notice of said hearing was given in accordance with said order.

On the day assigned for hearing, the sitting Justice adjourned the same to the second Tuesday of April following, there being no regular term of said court in session in said county on the 27th day of March, 1913.   At the regular term of the court, on the 10th day of April, certain policy holders in said company moved the dismissal

of said petition for want of jurisdiction over said persons. The Justice presiding denied said motion and exceptions thereto were taken. Thereupon, the case was reported to the Law Court for decision of all questions involved and any subsequent proceedings as the court may direct.

The case is stated in the opinion.

*Scott Wilson,* for plaintiff.

*Hale and Hamlin,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J. On February 20, 1912, William B. Blaisdell was appointed receiver of the defendant company. In due time he presented a petition asking court examination of the liabilities and assets of the company and all matters therewith connected, and a decree of court authorizing an assessment upon the premium notes of the company, if such assessment were found to be necessary.

Upon this petition it was ordered that a hearing be held at the court house in Ellsworth, in the county of Hancock, on the 27th day of March, 1913, at ten o'clock in the forenoon, and that notice of said hearing be given by publication and by mailing a printed copy of the petition and order of notice to each of the policy holders of the defendant company.

On the day assigned for hearing the sitting Justice ordered an adjournment of the same to the second Tuesday of April.

There was no regular term of court in session in Hancock County on the 27th day of March, 1913, but such a term began on said second Tuesday of April, to wit, the 8th day of April. On the 10th day of April certain policy holders in the company and other persons in interest appeared and moved dismissal of the petition *"for want of jurisdiction over said persons in interest notified by publication to appear."* In support of the motion attention was called to R. S., Chapter 49, Sections 36, 37, 38, 39 and 40, and it was claimed in the motion that the statute contemplated an examination of matters connected with the petition *in term time* and that the petition should not have been made returnable in vacation.

The motion to dismiss the petition was denied and, exceptions to this denial having been taken, the cause was reported to the Law Court for the decision of all questions involved and any such subsequent proceeding, if any, as said Law Court may direct.

The provisions of statute referred to in the motion seem plainly to apply to cases arising when the insurance company is a going concern, but not to the case at bar. In this case the company is apparently insolvent and a receiver for it has been appointed under the provisions of R. S., Chapter 49, Section 68, which authorizes any justice of the court, in connection with other duties imposed by this section, to do "any other act conformable to the general rules of chancery practice which in his opinion is requisite for the safety of the public and for the best interests of all parties concerned, all which orders and decrees he may in like manner enforce." The general rules of chancery practice authorize the petition in the case at bar to be made returnable on a day in vacation and the decree must be,

> *Exceptions overruled.*
> *Motion denied.*
> *Petition to be heard and determined.*